OPINION OF THE COURT
RENDELL, Circuit Judge.
Christopher Phillips pled guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(l). The District Court sentenced him to a within-Guidelines sentence of 240 months’ imprisonment and 10 years’ supervised release. On appeal, he argues that the District Court did not adequately consider the *773 sentencing factors in 18 U.S.C. § 3553(a) and that the sentence was greater than necessary to accomplish the statutory sentencing goals. We conclude that the District Court appropriately considered the § 3553(a) factors, and we will affirm the District Court’s sentencing order.
Phillips was one of a number of men charged with child pornography offenses after the Delaware State Police executed a search warrant at the residence of Paul Thielemann. A forensic examination of Thielemann’s computer revealed transcripts of online chats between Thielemann and Phillips. The two men discussed child pornography and the sexual exploitation of children, and Thielemann suggested that Phillips abuse the 8-year-old victim, a child who was under Phillips’s control. The conduct that followed, memorialized in the chat transcripts, led to Phillips’s arrest and guilty plea.[1]
At sentencing, the District Court calculated the Guideline range. The base offense level was 32, under section 2G2.1(a) of the Guidelines, because Phillips had distributed child pornography in a way that caused a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct. The court assessed a four-level increase because the victim was a minor under the age of 12, and a two-level increase because the offense involved sexual contact. An additional two-level increase was applied because the offense involved distribution, and a final two-level increase was applied because the victim was in the custody and care of the defendant. The court reduced the total adjusted offense level of 42 down to 39, because Phillips accepted responsibility. He had no prior criminal record, and therefore a criminal history category of I. The court’s Guideline calculations yielded a range of 262-327 months. It recognized that because 20 years was the statutory maximum, the Guideline range became 240 months. Phillips does not challenge the Guideline calculation.
In the sentencing colloquy, the court acknowledged that Phillips had been the victim of childhood sexual abuse and that he had abused the victim only after multiple requests from Thielemann. However, the court noted, the victim was a young child in Phillips’s custody and under his control — not “an unidentified child whose exploitation has been multiplied many times over through distribution via the Internet.” (App.91.) The court said that it had sentenced the defendants in the related cases, including Thielemann, and that while it recognized individual factors weighing in favor of Phillips, it had no basis to determine which conduct — Phillips’s or Thielemann’s — was worse. Therefore, after considering the factors in 18 U.S.C. § 3553(a), the court found that a 240-month sentence “recognizes the need for punishment, deterrence, protection of *774 the public and rehabilitation, and certainly is consistent ... with the other sentences handed down for all the other defendants .... ” (App.92.)[2]
We conclude that the District Court reasonably exercised its discretion. The sentence was procedurally reasonable: the District Court properly calculated the Guideline range, considered the § 3553(a) factors, and adequately explained the reasoning behind the sentence. It discussed the history and characteristics of Phillips; the nature and circumstances of the offense; the need for punishment, deterrence, protection of the public, and rehabilitation; the applicable Guideline range; and the need to avoid unwarranted disparities among defendants with similar records who were found guilty of similar conduct. The sentence was within the Guidelines, so the District Court did not need to explain any deviation. See United States v. Wise, 515 F.3d 207, 217 (3d Cir.2008) (citing Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).
Since the District Court did not err procedurally, we review the substantive reasonableness of the sentence under an abuse of discretion standard, considering the totality of the circumstances. We affirm a sentence as long as it “falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors.” Gall, 128 S.Ct. at 597. A within-Guidelines sentence is more likely to be a reasonable one. Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); United States v. Cooper, 437 F.3d 324, 331 (3d Cir.2006).
Phillips exploited a young child who was under his care by producing a webcam transmission depicting his sexual contact with her. He did this at the request of Thielemann, who promised him money for the images. Even defense counsel acknowledged that Phillips “bears a heavy responsibility for exploiting the child.... [H]e’s ultimately responsible for any damage that it may have caused.” (App.85.) While the District Court agreed that Phillips’s history and his initial resistance to Thielemann’s requests weighed in his favor, the fact that the victim was under his control meant that “I truly don’t have any reasoned basis to determine which conduct, yours or that of Mr. Thielemann[ ], is the worst.... I cannot sentence you to anything less than ... Mr. Thielemann, which is the statutory maximum of 240 months.”[3] (App.91.)
The court considered the differences between Phillips and Thielemann, and concluded that while their actions may have been different, each man deserved the statutory maximum. Given the facts of the case, the District Court’s sentence of 240 months is within the broad range of possible sentences that can be considered reasonable under the § 3553(a) factors. The court made a reasoned and reasonable decision that the sentence was justified, and we will not disturb the sentence.
For the reasons set forth above, we will AFFIRM the Judgment and Commitment Order of the District Court.

. On June 16, 2006, Thielemann asked Phillips to turn on his webcam and put the victim on his lap, and Phillips complied. Thielem-ann offered Phillips money to expose his penis to the victim and to touch her genitals. Phillips accepted the offer, and confirmed that the victim had seen Thielemann's penis on the computer screen via the webcam. Thielem-ann suggested that Phillips pull up the victim's skirt and rub her chest under her shirt, which Phillips did. When Thielemann asked if Phillips had put his hand down the victim’s shorts, Phillips responded that he had. Thiel-emann then said that he wanted the victim to see him ejaculate, and proposed that Phillips sit the victim on his leg while he masturbated. A few minutes later, Phillips said that he had not enjoyed the encounter and that Thielem-ann shouldn’t worry about giving him anything in exchange.
After he was arrested, Phillips admitted that he had the chats with Thielemann, that he put the victim on his lap, and that it was possible that the victim viewed Thielemann's penis via the webcam. He claimed that when the victim was on his lap, he only touched her leg.

. Thielemann also received a sentence of 240 months imprisonment, which we have affirmed. United States v. Thielemann, 575 F.3d 265 (3d Cir.2009).

. Given that the Guideline range of 262-327 months — which takes into account Phillips's offense characteristics and criminal history— was well in excess of the sentence imposed on Phillips, we cannot hold, as Judge Ambro urges, that his sentence was substantively unreasonable. Moreover, the District Court’s analysis from a procedural standpoint was adequate. We can find no basis for requiring the court to do more than it did in assessing the § 3553(a) factors.